IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALJAWON DAWYANE MILES, ) | |
| #12824-002, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:12-CV-910-TMH |
| ) | [WO] |
| NAYTRON WILLIAMS, *et al*., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the U.S. Penitentiary in Coleman, Florida, files this *pros e* 42 U.S.C. § 1983 action against Naytron Williams, Eric Williams, Dominique Whitley, and Michael Oree. The complaint involves alleged retaliatory actions taken by Defendants as a result of a lawsuit filed by Plaintiff against some of the named defendants in March 2011. *See Miles v. Jenkins*, Civil Action No. 2:11-CV-150-WKW (M.D. Ala. 2012). Plaintiff requests trial by jury. He also requests that Defendants receive counseling and that he be awarded compensatory and punitive damages. (*Doc. No. 1*.) The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of some of the claims and defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff complains that Defendants, correctional officers employed at the Bullock Correctional Facility in Union Springs, Alabama, subjected him to a campaign of threats and harassment after he filed a lawsuit against them for subjecting him to excessive force and/or failing to protect him from the use of unnecessary force. Plaintiff identifies two specific actions which he claims were motivated by retaliatory animus arising from his exercise of a protected First Amendment right. The first instance occurred on March 29, 2011 during service of breakfast. Plaintiff alleges that Defendant Whitley put glass in his grits. Plaintiff took a spoonful of grits which resulted in several cuts inside his mouth. Defendant Whitley escorted Plaintiff back to his cell following treatment at the infirmary. During the escort Plaintiff alleges that Defendant Whitley told him maybe now he (Plaintiff) would drop his lawsuit. The second retaliatory incident about which Plaintiff complains involves Defendant Oree and Whitley. Plaintiff alleges that the two guards came to his cell and told him to drop his lawsuit or he would be transferred to the worst prison in Alabama - Holman Correctional Facility. On August 16, 2011 Plaintiff was transferred to Holman. Defendant Whitley came to Plaintiff's cell the morning of his transfer and told Plaintiff "he hope[s] [Plaintiff] get[s] killed so they won't have to worry bout [sic] [him] dropping the lawsuit." (*Doc. No. 1 at 4-5.*)

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal

action, or appeal therein. The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case, or claims, "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint. 28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[2]

---

[2] To curb such abuses Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ( "PLRA"), 28 U.S.C. § 1915(b), which requires all prisoners proceeding IFP to pay initial fees and monthly fees thereafter. The initial fee, however, can be collected only "when funds exist" and the monthly payments can be deducted only when the prisoner's account balance exceeds ten dollars. *See* 28 U.S.C. §§ 1915(b)(1)-(2). Moreover, a safety-valve provision ensures that a prisoner cannot be barred from bringing a civil action or an appeal when he or she does not have enough money to pay the initial fee. *See* 28 U.S.C. § 1915(b)(4).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021.

The complaint filed in this case alleges a claim which is virtually indistinguishable from a claim presented in another complaint previously filed by Plaintiff with this court. Specifically, in *Miles v. Jenkins*, Civil Action No. 2:11-CV-150-WKW, Plaintiff was allowed to file an amendment to his complaint wherein he complained that glass was put in his breakfast tray on March 29, 2011 and Defendant Whitley told him "maybe now [he] would drop the lawsuit." *See Id. at Doc. No. 16*. The court has considered Plaintiff's retaliation claim in the instant action and finds that it is repetitive. It merely repeats the same claim as presented to this court in an amendment to his complaint in *Miles v. Jenkins, supra*. That case was dismissed with prejudice on a joint motion for dismissal signed by the Plaintiff and counsel for Defendants.[3] In light of the foregoing, it is clear that Plaintiff's claim of retaliation with regard to glass being placed in his breakfast tray in March 2011 as presented

---

[3] Courts have held that, for the purpose of determining repetitive suits, different parties can be substantially similar. In *Bailey*, 846 F.2d 1019, 1021, the court held that, despite the fact that different defendants were named, the "complaint repeat[ed] the same factual allegations" asserted in the earlier case and was, therefore, correctly dismissed. *See also Rowley v. St. Tammany Parish Sheriff's Office*, 2006 WL 3337510, *3 (E.D. La., Nov. 15, 2006) (holding a complaint repetitive and therefore abusive under 28 U.S.C. § 1915(e)(2)(B), despite the fact that plaintiff sued different defendants in the later-filed action).

in the instant cause of action is malicious and it is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See generally Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2nd Cir. 2000) ("as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's "glass in the breakfast tray" retaliation claim against the named defendants be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i);

2.  Plaintiff's complaint against Defendant Naytron Williams and Eric Williams be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3.  Defendants Naytron Williams and Eric Williams be DISMISSED as parties to the complaint; and

4.  Plaintiff's claim of a retaliatory transfer asserted against Defendants Oree and Whitley be referred back to the undersigned for further proceedings

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before December 28, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of December, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATE MAGISTRATE JUDGE